IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN MARTIN, et al.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **CITIZENS FINANCIAL GROUP, INC., et al.** | : | No. 10-260 |

**MEMORANDUM OPINION**

Goldberg, J.                                                       August 13, 2010

Before the Court is Plaintiffs' Motion to Transfer Venue to the Northern District of Illinois. Because we find that the Northern District of Illinois does not have personal jurisdiction over Defendant Citizens Bank of Pennsylvania, this action could not have been brought in that district. Consequently, Plaintiff's motion will be denied.

**I. BACKGROUND**

This case involves allegations brought under the Fair Labor Standards Act ("FLSA"). Plaintiffs' have sued three defendants: Citizens Bank of Pennsylvania, a corporation headquartered in Philadelphia, Pennsylvania; RBS Citizens, N.A., a corporation headquartered in Providence, Rhode Island; and Citizens Financial Group, a corporation headquartered in Providence, Rhode Island.[1]

Plaintiff Kevin Martin is a former employee of Citizens Bank of Pennsylvania, who worked as a "teller" and "banker" at Citizens Bank's King of Prussia branch.[2] Martin alleges that during his employment, Defendants violated the FLSA by failing to fully pay him for the work he performed.

---

[1] Both Citizens Bank of Pennsylvania and RBS Citizens are subsidiaries of Citizens Financial.

[2] Martin was paid by the hour and was not exempt from the overtime provisions of the Fair Labor Standards Act.

-1-

Specifically, Plaintiff alleges that Defendants: (a) barred non-exempt employees from recording all of the work they performed; (b) manipulated time records in order to reduce employees' overtime pay; (c) provided "comp time" in place of overtime pay; and (d) required employees to work during unpaid breaks. (Compl., ¶¶ 20-30).

On January 21, 2010, Martin filed the original complaint with this Court, styled the "Collective Action Complaint" on behalf of all non-exempt Citizens Bank of Pennsylvania branch employees. Thereafter, Martin filed a separate class action complaint in the Philadelphia Court of Common Pleas, alleging violations of the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, et seq., as well as unjust enrichment. On March 1, 2010, John R. Depaolantonio, Jr., Patricia A. Gahan, James Holliday and Mary E. Ryan were added as named plaintiffs in the federal action. Subsequently, Defendants removed the state action to the Eastern District of Pennsylvania. On May 11, 2010 this Court consolidated the state and federal actions. Currently, seventeen additional current or former Citizens Bank of Pennsylvania employees have joined the action.

Plaintiffs now seek to transfer this case, pursuant to 28 U.S.C. § 1404(a), to the Northern District of Illinois. Plaintiffs seek to consolidate this matter with Ross v. RBS Citizens, N.A. et al., Civil Action No. 09-cv-05695, which is currently before the Honorable Joan H. Lefkow. Ross, filed prior to the case before this Court, is a similar class action in which tellers at Charter One bank branches allege violations of the FLSA. Ross names Citizens Financial and RBS Citizens, doing business as Charter One, as defendants.

## II. LEGAL STANDARD

The statute governing a transfer of actions, 28 U.S.C. § 1404(a), provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil

action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). At the outset, the moving party must demonstrate that venue, personal jurisdiction, and subject matter jurisdiction would have been proper in the proposed transferee district. Shuttle v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970). Then, a court must weigh "relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The burden to show the need for transfer rests with the movant. Id.

### III. DISCUSSION

#### A. First-Filed Rule

Plaintiffs first argue that the Ross action, currently underway in the Northern District of Illinois, triggers the first-filed rule. As articulated by the Third Circuit, the first-filed rule states that "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." E.E.O.C. v. University of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988). The rule gives courts the power to enjoin proceedings involving the same issues and parties as litigation ongoing in another federal court. Id. The rule's purpose is to avoid duplicative litigation and promote comity among courts of equal rank. Id. In order for the first-filed rule to apply however, the matters must be "truly duplicative," such that "a determination in one case leaves little or nothing to be determined in the other." Grider v. Keystone Health Plan, 500 F.3d 322, 334 n.6 (3d. Cir. 2007). "When the claims, parties, or requested relief differ deference may not be appropriate." Guilford v. City of Philadelphia, 1995 WL 521761, at *10 (E.D. Pa. Aug. 31, 1995). While it is true that the actions need not be perfectly parallel in order for the first-filed rule to apply, they must be "materially on all fours." Grider, 500 F.3d at 334 n.6; Transcore, L.P. v. Mark IV Industries Corp.,

2009 WL 3365870 (E.D. Pa 2009);

Plaintiffs argue that the matter currently before this Court and the Ross action are duplicative litigation stemming from the same set of facts. Plaintiffs claim that both actions allege similar violations by RBS Citizens and Citizens Financial and that the potential class members in each case were subjected to the same policies, payroll systems and reported to the same management. (Pl. Mem., pp. 9-10). Plaintiffs point out that both plaintiffs and defendants are represented by the same attorneys in Ross as in this case. Thus, Plaintiffs conclude that it is in the interest of judicial economy to transfer the present matter to Illinois in order to consolidate it with the first-filed Ross action. (Pl. Mem., p. 11).

We find, however, that the first-filed rule does not apply. Courts in this circuit have interpreted the rule narrowly, applying it only to truly duplicative matters. See Kedia v. Jamal, 2007 WL 1239202, at *3 (D.N.J. Apr. 25, 2007) (holding that naming a new defendant, even one indirectly implicated in an earlier-filed action, precluded application of the first-filed rule); Martin v. Townsend, 1990 WL 159923, at *4 (D.N.J. Oct. 15, 1990) (holding that the first-filed rule applied where two complaints included identical factual allegations and claims).

Here, there are several differences between the two actions, which preclude application of the first-filed rule. These differences include that: Citizens Bank of Pennsylvania is only a defendant in our case and is not a defendant in Ross; the factual allegations in our case occurred at bank branches in the Northeast, while the allegations in Ross occurred in the Midwest; Citizens Bank of Pennsylvania employed a majority of the plaintiffs and potential class members in the case before this Court, but none of the plaintiffs or class members in Ross; the potential class in Ross includes only RBS Citizens employees who are not included in our case; and the legal claims in the two

actions are different, as they allege violations of separate state statutes. Therefore, we find that the two matters are not "truly duplicative," and the first-filed rule does not apply.

### B. Change of Venue

Plaintiffs further argue that transfer is appropriate under 28 U.S.C. 1404, which allows for transfer of an action, where transfer is in the interest of justice, to any district "in which it might have been brought." Thus, for their motion to succeed, Plaintiffs must first demonstrate that the Northern District of Illinois would have been a proper venue for their action. Section 1391 governs questions of venue in federal court. In cases in which jurisdiction is not based solely on diversity of citizenship, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b). As the events giving rise to the present claims did not occur in the Northern District of Illinois, venue can only exist in that jurisdiction if all Defendants can be said to reside there. Section 1391(c) defines a corporation as a resident "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." We must turn, therefore, to an examination of whether Defendants are subject to personal jurisdiction in Illinois.

### C. Personal Jurisdiction

A federal court may assert personal jurisdiction over a non-resident of the state in which the court sits to the extent permitted by that state's law. Fed. R. Civ. P. 4(k)(1)(A). Illinois's personal jurisdiction statute extends to defendant corporations organized under Illinois law, those "doing business" in the state, or those to whom personal jurisdiction extends under either the Illinois or

United States Constitutions. 735 Ill. Comp. Stat. 5/2-209. Illinois courts have interpreted 5/2-209, as well as the due process requirements of the Illinois Constitution, to be coextensive with the due process requirements of the Federal Constitution. See Dickie v. Cannondale Corp., 905 N.E.2d 888, 891 (Ill. App. Ct. 2009).

The Fourteenth Amendment's due process clause requires a showing of minimum contacts between a non-resident defendant and a federal court's forum state in order for that court to assert personal jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). A defendant's contacts may be examined under two theories – specific and general jurisdiction. Specific jurisdiction exists when the cause of action at issue is a direct result of defendant's activity in the forum state. General jurisdiction exists when a defendant has contacts that are unrelated to the cause of action, but are "continuous and systematic." Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 412 (1984). The nature of a defendant's contacts must be such that haling that defendant into court does not violate traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Plaintiffs first argue that the Northern District of Illinois may assert personal jurisdiction over all three Defendants, as they essentially operate as a single banking network in thirteen states, including Illinois. Plaintiffs contend that the different "brand name[s]" of individual bank branches are irrelevant. In support of this assertion, Plaintiffs point to common management chains, pay policies and payroll systems to which class members in both actions are subjected. (Pl. Mem., p. 12). Defendants respond that Plaintiffs must demonstrate that each separately incorporated defendant is doing business in Illinois in order to establish personal jurisdiction and stress that under this standard there is no personal jurisdiction as to Citizens Bank of Pennsylvania. (Def. Mem., p.

9).

We agree that Defendants are distinct corporate entities whose contacts with the forum state must be analyzed independently. Rush v. Savchuk, 444 U.S. 320, 332 (1980). As such, Plaintiffs must demonstrate that Citizens Bank of Pennsylvania has its own minimum contacts with Illinois in order to establish personal jurisdiction.

In order to establish that Citizens Bank of Pennsylvania has "continuous and systematic" contacts with Illinois, Plaintiffs first argue that Citizens Bank of Pennsylvania has a corporate relationship with an Illinois-based entity called Dovenmuehle Mortgage Company, L.P. (Pl. Reply, Ex. 31). In response, Defendants produce a declaration from an executive at Citizens Financial Group, stating that Citizens Bank of Pennsylvania holds a 21% interest and a 5% voting interest in Dovenmuehle Mortgage Company, L.P., and that it has no involvement in the operations or business of the company. (Def. Surreply, Ex. E).

The Seventh Circuit has ruled that personal jurisdiction "cannot be premised on corporate affiliation or stock ownership alone where corporate formalities are substantially observed and the parent does not exercise an unusually high degree of control over the subsidiary." Central States, et. al. v. Reimer Express World Corp., 230 F.3d 934, 943 (7th Cir. 2000). Even where there is a corporate relationship, "each defendant's minimum contacts with the forum state must be assessed individually." Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 n.13 (1984); Morrison v. YTB International, 641 F.Supp.2d 768, 779 (S.D. Ill. 2009). Here, Plaintiffs have provided no evidence that Citizens Bank of Pennsylvania exercises any control over Dovenmuehle Mortgage Company, L.P., or that it holds anything more than a minority interest in that company. The corporate relationships between Citizens Bank of Pennsylvania and Dovenmuehle do not establish sufficient

contacts between Citizens Bank and Illinois for personal jurisdiction.

Plaintiffs also argue that Citizens Bank of Pennsylvania is subject to general personal jurisdiction because it made $170,000 in loans to Illinois borrowers in 2010. (Pl. Reply, Ex. 31). We find that the loans Citizens Bank of Pennsylvania made to Illinois borrowers do not establish sufficient minimum contacts. A corporate defendant's general business contacts with a state may subject it to personal jurisdiction if they are so extensive that they derive benefits from the state similar to resident corporations. IDS Life Ins. Co. v. SunAmerica Life Ins. Co., 136 F.3d 537, 540 (7th Cir. 1998). The extent to which the corporation conducts business in the state is one of a number of factors that courts have examined in assessing whether jurisdiction is proper over non-resident corporations. Other factors include whether defendant has offices or employees in the state, whether defendant advertises in the state and whether defendant has an agent in the state to receive service of process. McGill v. Gigantex Technologies Co., 2005 WL 3436403, at*2 (N.D. Ill. Dec. 12, 2005). In order for business alone in a state to justify personal jurisdiction, it must be substantial. Richter v. INSTAR Enterprises International, Inc., 594 F.Supp.2d 1000, 1007 (N.D. Ill. 2009). Activity in a state that represents a small proportion of a defendant's overall business, or generates a small percentage of overall revenue, does not establish personal jurisdiction. Id.

Citizens Bank is a corporate entity, registered in Pennsylvania and operating only in Pennsylvania and New Jersey. It has no offices, employees or real property in Illinois. (Def. Mem., Ex. A). With regards to the $170,000 in loans, Plaintiffs have failed to demonstrate that Citizens Bank of Pennsylvania's contacts with Illinois through the loans were continuous, or that they represent substantial business. Accordingly, we find that Citizens Bank of Pennsylvania's business contacts with Illinois are insufficient to subject it to personal jurisdiction in that state.

Finally, Plaintiffs argue that because Citizens Bank of Pennsylvania has been sued in the Northern District of Illinois previously, in the case of London v. RBS Citizens N.A., et. al., 08-cv-03537, and did not challenge personal jurisdiction in that case, it should be precluded from challenging personal jurisdiction in the current action. (Pl. Reply, pp. 3-4). However, the failure to challenge personal jurisdiction in one instance does not subject a defendant to personal jurisdiction for all time. Rozenblat v. Sandia Corp., 2005 WL 1126879, at *2 (N.D. Ill. May 2, 2005). Thus, we find that Citizens Bank of Pennsylvania's failure to challenge personal jurisdiction in a separate case does not preclude them from challenging it now.

## IV. CONCLUSION

Because Plaintiffs cannot demonstrate that the Northern District of Illinois has personal jurisdiction over Defendant Citizens Bank of Pennsylvania, this action could not have been brought in that district, and Plaintiffs' motion to transfer shall be denied. Our order follows.